UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GEORGE THOMAS DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-CV-00486 |
| | ) REEVES/SHIRLEY |
| HAMILTON COUNTY JAIL, | ) |
| HAMILTON COUNTY OFFICERS, | ) |
| MS. BYRD, and HAMILTON COUNTY | ) |
| SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I.  Filing Fee

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 2] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**. As it is apparent from the Court's docket sheet that Plaintiff is no longer incarcerated, however, he will not be assessed the filing fee.

### II.  Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. Allegations of the Complaint

In his complaint, Plaintiff states that on November 1, 2016, Defendant Byrd made statements to Plaintiff and his cell that they had "better be reading the bible[,] you got the devil in you all," "I shouldn't even give you razors after the way you acted last week," and "you need to quit praying while I'm counting" [Doc. 1 p. 3]. Plaintiff also alleges that Defendant Byrd is very abusive and harasses the cell and that this has caused stress [*Id.*]. Plaintiff further claims that he does not feel free to practice his religion in the jail because of Defendant Byrd's actions [*Id.* at 4].

Additionally, Plaintiff states that on October 24, 2016, Officer Byrd made a comment to an inmate in which she told the inmate to shut up and called him a "child [expletive]" [*Id.*].

**IV. Legal Analysis**

First, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 for violation of Plaintiff's right to practice his religion as to all Defendants, as nothing in the complaint allows the Court to plausibly infer that Plaintiff's religious beliefs are sincerely held or that any restriction was imposed on Plaintiff's ability to practice his religion.

A prisoner retains his First Amendment rights that "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system," including the right to free exercise of religion. *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Barhite v. Caruso*, 377 Fed. App'x 508, 510–11 (6th Cir. 2010). In evaluating whether a prisoner complaint states a claim for violation of the First Amendment regarding the free exercise of religion, the district court must first determine if the prisoner has shown that his religious beliefs are sincerely held, and therefore may only reach the issue of whether a restriction is valid where the plaintiff demonstrates his beliefs are sincere. *Barhite*, 377 Fed. App'x at 510. Prisoners also have rights to free exercise of religion under the Religious Land Use and Institutionalized Person Act ("RLUIPA") under which the government cannot substantially burden a prisoner's exercise of his religion without a "'compelling government interest'" and in a manner that furthers the government's interest through the "'least restrictive means.'" *Id.* at 511 (quoting 42 U.S.C. § 2000cc(1)–(2)).

Nothing in the complaint allows the Court to plausibly infer that Plaintiff's religious beliefs are sincere. Further, even if the Court assumes that Plaintiff's religious beliefs are sincere, nothing in the complaint allows the Court to plausibly infer that any Defendant restricted Plaintiff's ability to practice his religion. While Defendant Byrd's statements may have made Plaintiff

3

uncomfortable, nothing in the complaint suggests that these statements burdened or restricted Plaintiff's practice of his religion in any way.

Further, to the extent that Plaintiff intended to state a claim under the Eighth Amendment based upon Defendant Byrd's statements, he failed to do so, as harassment and verbal abuse are insufficient to assert a claim under the Eighth Amendment. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

Next, Plaintiff's assertion that Officer Byrd made harassing comments to another inmate likewise fails to state a claim upon which relief may be granted under § 1983, as nothing suggests that the comment violated Plaintiff's civil rights and Plaintiff has no standing to represent the interests of other prisoners. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

V. **Conclusion**

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to all Defendants.[1] Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

---

[1] Even if the Court liberally construes Plaintiff's complaint as against Hamilton County based upon his inclusion of Hamilton County Jail and Hamilton County Sheriff's Department as Defendants, the complaint fails to state a claim upon which relief may be granted as to this municipality. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978) (holding that a government can only be liable where its official policy causes the constitutional rights violation); *see also Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) (holding that "[t]here can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act.").

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**